IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MATTHEW L. MANGRAM, :
:
    Plaintiff, :
:
vs. : CIVIL ACTION NO.: CV209-196
:
Judge ALAIMO, :
:
    Defendant. :

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Glynn County Detention Center in Brunswick, Georgia has filed an action on forms for filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Upon review, it appears that Plaintiff's claims are more properly considered to allege a civil rights violation. Plaintiff has also filed a motion to proceed in forma pauperis in this action.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520; Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

AO 72A
(Rev. 8/82)

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10; Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff lists Judge Ala[i]mo as the only defendant in this action. Plaintiff lists the grounds for bringing his suit as follows:

> All my badges was in the custody of Alex Haily Colonel Louise Clifton. I had my badges in my trailer and I want them back. They were stolen. At a later date I suppose to be here under a code of silence. Working for the NWACP, on this woman Amanda case load about my badges tr[y]ing to be my boss which is not me KGB.

(Doc. No. 1, p. 3).

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff's statement fails to allege any facts showing that he has been deprived of his constitutional rights. Plaintiff also fails to

2

allege any facts that are in any way related to the actions of Judge Alaimo. Even if Plaintiff had alleged factual claims against Judge Alaimo, they would be wholly improper as Judge Alaimo is entitled to absolute immunity from a civil suit under § 1983. Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). See also Stump v. Sparkman, 435 U.S. 349, 356 (1978) (holding judicial immunity doctrine applied in § 1983 actions). Based on his complaint, Plaintiff can prove no set of facts that would entitle him to relief.

Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23 day of February, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE